# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| MARCIE P. SCRIBER, Trustee of the Ladd J. Scriber Life Insurance Trust,<br><br>    Plaintiff,<br><br>v.<br><br>CONSECO LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 3:15-cv-00244-DPM |

## PROTECTIVE ORDER

With the parties' agreement, and pursuant to Federal Rule of Civil Procedure 26(c), the Court orders:

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

Those provisions of the Court's Scheduling Order (Doc. No. 24 at 2-3), including the Court's procedure for discovery disputes set forth therein, are incorporated by reference in this this Order.

2.     DEFINITIONS

2.1 Party: any party to this action, including any officer, director, employee, representative, agent, consultant, retained expert, outside counsel (and their support staff), or other person or entity acting or purporting to act on behalf or at the direction of any party.

1

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible thing that qualifies for protection.

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 House Counsel: attorneys who are employees of a Party.

2.10 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.  DURATION

The Court's authority to enforce this Order will expire one year after the final termination of this litigation; after that, the obligation of the parties and others will be strictly contractual.

5.  DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" on each page that contains protected material. A Party or non party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential") at the top of each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non party offering or sponsoring the testimony identify on the record, within 20 days after the transcript is received after the close of the deposition, hearing, or other proceeding, all protected testimony, and further

3

specify any portions of the testimony that qualify as "Confidential." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" as instructed by the Party or non party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."

5.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

Counsel should confer in good faith *in person* before bringing any discovery dispute, including any challenge to a confidentiality designation, to the Court. The parties shall not file motions to compel. The parties shall not file a motion to quash or for protective order unless there is an emergency. If the parties reach a discovery impasse, they should file a joint report explaining the disagreement. File this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The parties shall not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. The parties shall redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information.

The parties shall file the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. The parties shall alert the law clerk on the case to the joint report's filing. If a

4

dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit 1;

(b) parties to this Litigation, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1);

(d) the Court and its personnel;

(e) jurors selected for the trial of this matter;

(f) any person present in the courtroom during any hearing on this matter, the trial of this matter, or any appellate hearing on this matter;

5

(g) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1);

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit 1). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(i) the author of the document or the original source of the information.

7.3 Nothing herein shall restrict the manner in which the Producing Party may use or disclose its own Protected Material.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the Receiving Party must so notify the Producing Party, in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit 1.

## 10. FILING PROTECTED MATERIAL

The Parties shall redact confidential information, pursuant to Federal Rule of Civil Procedure 5.2, if practicable. If that cannot be done, the Parties must move for permission to file documents under seal.

## 11. USE OF PROTECTED MATERIAL AT TRIAL OR IN DEPOSITION

Nothing herein shall prevent any of the parties from using "Confidential" materials in connection with any trial, hearing, deposition of a party or third party witness, or any other proceeding in this matter or from seeking further protection with respect to the use of any such "Confidential" materials in connection with such trial, hearing, deposition of a party or third party witness or other proceeding in this matter.

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. **INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION**

13.1 Nothing in this Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a Party has inadvertently or mistakenly produced a document subject to a claim of immunity or privilege, upon request by the Producing Party within three (3) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel. To the extent during the interim that any privileged information has been disclosed to persons not entitled to view it, and the Producing Party has made request for its return within the time permitted by this Order, the Receiving Party shall use its best efforts to retrieve the privileged information from such person(s). The Party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

14. **MISCELLANEOUS**

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By complying with this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

1/4313176.3

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Right to Request or Agree Upon Additional Protection. Nothing in this order abridges the right of any person to seek additional protection of documents from the court or to agree upon additional protection of documents with any other person. The parties may seek or request additional protection of documents from the court or the parties upon a showing of good cause provided the efforts to seek or request additional protection are made in good faith and without the intent to harass or annoy a party or to delay discovery.

14.4 If a third-party provides discovery in connection with the Action, and if the third-party so elects, then the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the third-party shall have the same rights and obligations under this Order.

14.5 Disclosure to Regulatory Entities. Nothing in this order shall act to prevent any party from disclosing information, producing documents to or otherwise cooperating with any entity or agency that regulates the business of one or all of the parties.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 September 2017

# EXHIBIT 1
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued in the case of _____.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas for purposes of enforcing this Agreement and the Protective Order.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____