# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

MARCIE P. SCRIBER, Trustee
of the Ladd J. Scriber Life
Insurance Trust                                              PLAINTIFF

v.                    No. 3:15-cv-244-DPM

CONSECO LIFE INSURANCE
COMPANY                                                      DEFENDANT

## ORDER

1. Conseco insured Dr. Ladd Scriber's life for $500,000 for his trust. This was a whole life policy, with cash value available to pay premiums. The policy was in place for twenty-six years. During the last few of those years, the Scribers also paid premiums by automatic bank draft. The cash value had been depleted by the summer of 2014; and the bank drafts didn't cover the monthly premiums. The policy lapsed because of nonpayment. In those circumstances, the trust had a two-month grace period to bring things current. № 2 at 14. Conseco also promised: "We will send a written notice to you at least thirty (30) days before the day the policy would end." *Ibid.*

Conseco says, and has offered evidence, that it sent this grace notice to the Scribers, their former agent, and their former lienholder. It is undisputed that none of these notices came back undeliverable. The Scribers say they didn't get the notice. Their former agent's

widow—who maintains his business post office box—didn't get the notice. And their former lienholder didn't get the notice, either. Monthly premium payments, though insufficient to cover the total due, continued to be drafted from the Scribers' bank account.

After the sixty-day grace period ended, using the same mailing protocol, Conseco sent letters to the Scribers, their former agent, and the former lienholder canceling the policy. All three letters were received or returned as undeliverable. The Scribers sought reinstatement, which Conseco denied based on Dr. Scriber's health. The trust has sued for damages or reinstatement. Conseco seeks summary judgment, while the trust wants a trial. Is there a genuine issue of material fact about whether Conseco sent the grace notice? *Bedford v. Doe*, 2018 WL 547455 at *2 (8th Cir. 2018).

**2.** Conseco argues that the Scribers have shown (at most) lack of receipt, not lack of sending. Conseco stands on its mailing protocol, an automated letter-processing system. It generates and prints notices. № 35-1 at 30.* The notices are tagged with a bar code—which is scanned throughout the process as a safeguard—and moved to the mail room. № 35-1 at 72–75. There, they are placed into an inserter that packages them, applies postage, and assembles them for pickup. № 35-1 at 31. A vendor picks the notices up, presorts them, and mails

---

* All similar citations are to the deposition's pages.

them. In all, Conseco spends about $15 million a year on its mailing system. Conseco's records show that the July grace notice was generated, printed, and put into the inserter. № 35-1 at 55–56. And the same mailing protocol was used in September, when everyone agrees that the lapse notice was sent. There is some scuffling about the four-digit extension on the Scribers' zip code in the mailings. But, as Conseco says, the Scribers' basic address and zip haven't changed. The extension is also correct.

**3.** The Scribers cast doubt, though, on the July mailing. They highlight that Conseco can't prove the notice was mailed, just that it was generated and inserted. After the notice goes through the inserter, it must be held, and then picked up and mailed by a third party. № 35-1 at 29. These steps involve people who, like all of us, make mistakes. The Scribers argue that through human error Conseco never sent the grace notice. They rest this conclusion on this record evidence: they never got the notice; their former agent's widow, new agent, and former lienholder never got the notice; all the copies of the September lapse notice (unlike the July grace notices) were either received or returned as undeliverable; and, though he would backtrack a step or two later in the deposition, Conseco's Rule 30(b)(6) witness acknowledged that the company couldn't prove it had mailed the grace notice. Here's the initial exchange:

-3-

> **Q:** [I]s there any evidence that . . . this July 2nd grace notice was actually physically delivered to the post office?
>
> **A:** No, sir.

№ 35-1 at 29; *see also* № 35-1 at 55–56.

**4.** Proof that the Scribers didn't get the July letter, standing alone, doesn't prove that it wasn't sent. *Phillips v. Riverside, Inc.*, 796 F. Supp. 403, 408 (E.D. Ark. 1992). As Conseco argues, there must be more than a metaphysical doubt to create a genuine factual dispute. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Non-receipt by their current and former agents, as well as their former lienholder, adds some evidentiary weight for the Scribers.

Next, there are the disparate outcomes. In July, no copy of the notice was received or returned as undeliverable; in September, all of them were. These circumstances allow competing reasonable inferences. Success in September could mean that Conseco's system also worked in July. Or it could mean that some human error crept in, leading to an unsent July notice.

Conseco relies on *Swinney* and *Shoffey*. They are car insurance cases, as the Scribers insist, but they are illuminating. In both cases, witnesses testified under oath that notice had been mailed. *Atlanta Cas. Co. v. Swinney*, 315 Ark. 565, 566, 868 S.W.2d 501, 502 (1994); *Shoffey v. Progressive Nw. Ins. Co.*, 70 Ark. App. 458, 460–61, 20 S.W.3d 424, 425 (2000). No such testimony is offered here. Instead, Conseco's Rule

-4-

30(b)(6) witness first testified that he could not say for sure that this grace notice made it to the post office and into the mail. № 35-1 at 29 & № 35-1 at 55–56. Conseco's sophisticated automated letter-processing system doesn't close the case as a matter of law because space for human error remains.

The Court must take the record in the light most favorable to the Scribers, drawing all reasonable inferences in their favor. *Chivers v. Wal-Mart Stores, Inc.*, 641 F.3d 927, 932 (8th Cir. 2011). Looking at the whole mixed bag, a reasonable person could conclude that Conseco didn't send the July notice. So the motion for summary judgment, № 35, is denied. Did Conseco send the Scribers the grace notice, as this policy required? A jury will answer that question.

So Ordered.

*NPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 February 2018